# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK MENDICINO, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 16 C 10372 |
| DOWE GALLAGHER AEROSPACE LLC, | ) |
|         Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Frank Mendicino is a former employee of Dowe Gallagher Aerospace. He has filed suit against Dowe Gallagher, alleging national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Dowe Gallagher has moved to dismiss for lack of personal jurisdiction. For the reasons stated below, the Court grants Dowe Gallagher's motion.

## Facts

Mendicino, an Illinois resident, worked for Dowe Gallagher as a pilot. His position required international travel to carry out his work assignments. On or about February 15, 2015, while on assignment in the Seychelles, Mendicino dined with Mike Celec and two other persons. Mendicino alleges that during dinner, Celec called him a "guinea," a derogatory reference to his Italian heritage. Compl. ¶ 19. After Mendicino told Celec "that is offensive," Celec responded, "well, you don't believe in God, so it doesn't matter." Id. ¶ 21. Celec called Mendicino a "Guinea" two additional times at

dinner. *Id.*. ¶¶ 22-24. After the final time, Mendicino left money on the table and departed.

On April 7, 2015, Mendicino sent a written complaint about Celec's discriminatory comments to Dowe Gallagher. Dowe Gallagher later terminated Mendicino.

Mendicino filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging Dowe Gallagher violated Title VII. After receiving a notice of right to sue, Mendicino filed this lawsuit. He asserts that Dowe Gallagher and its agents discriminated against him because of his national origin and terminated him in retaliation for his complaint regarding Celec's discriminatory conduct.

## Discussion

Dowe Gallagher has moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. A plaintiff bears the burden to show that personal jurisdiction exists over the defendant. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). When the challenge to personal jurisdiction is raised by a motion to dismiss and is, as in this case, decided based on written materials instead of an evidentiary hearing, the plaintiff need only make out a prima facie case of jurisdiction. *Id.*; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). if the defendant submits affidavits to support its motion, the plaintiff must "submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). The Court resolves factual disputes in favor of the plaintiff. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

Under the Illinois long-arm statute, a federal court may exercise personal jurisdiction if either the Illinois Constitution or the United States Constitution permits the

court to do so.  *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).  The Seventh Circuit has held that there is no meaningful difference between these constitutional limits on personal jurisdiction.  *State of Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757 (7th Cir. 2010).  Thus the Court need only determine whether the exercise of personal jurisdiction would comport with federal due process.  *Mobile Anesthesiologists*, 623 F.3d at 443.

The parties agree that the Court does not have general jurisdiction over Dowe Gallagher.  Instead, their dispute concerns whether the Court may assert specific jurisdiction.  To determine whether specific jurisdiction exists, the Court examines the nature of the defendant's contacts with the forum state in relation to the underlying claims of the lawsuit.  *Tamburo*, 601 F.3d at 701-02.  Specific jurisdiction is appropriate when the non-resident defendant has purposefully directed its activities at the forum state and the alleged injury arises out of or relates to those activities.  *Mobile Anesthesiologists*, 623 F.3d at 444 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Dowe Gallagher has submitted an affidavit from its executive vice president, Joseph Fucci.  He states, and Mendicino does not dispute, that Dowe Gallagher is a Delaware company with its principal place of business and only corporate office in Florida.  Mendicino likewise does not dispute Fucci's statement that Dowe Gallagher "does no business in Illinois, has no employees in Illinois and maintains no offices in Illinois."  Fucci Decl. ¶ 5.  Nor does Dowe Gallagher have a telephone number, mailing address, real estate, bank accounts or assets in Illinois.

Dowe Gallagher argues that its only relevant contact with Illinois is that it hired an Illinois resident, Mendicino, to perform a job overseas. This is not sufficient, Dowe Gallagher maintains, to confer specific jurisdiction consistent with due process.

Mendicino argues that Dowe Gallagher has sufficient contacts with Illinois to permit the exercise of specific jurisdiction. In his affidavit, Mendicino states that Dowe Gallagher initiated hiring discussions with him while he was an Illinois resident—though he concedes he was "deployed to Chania, Greece" at the time. Mendicino Decl. ¶ 6. He also contends that Dowe Gallagher maintained a connection with the state when it regularly communicated with him when he was in Illinois. Finally, Mendicino argues that Dowe Gallagher's contact with Illinois persisted throughout their employment relationship. Dowe Gallagher ordered Mendicino to travel to and from Illinois for his assignments and paid for that travel, and the company paid his wages into an Illinois bank account, and terminated him over the phone when he was physically in Illinois. These contacts with Illinois are enough, Mendicino argues, to establish specific jurisdiction.

The Court finds instructive the Seventh Circuit's decision in *Northern Grain Marketing*, in which the court found the defendant's Illinois contacts insufficient to support jurisdiction here. There the plaintiff, an Illinois grain buyer, contracted with the defendant, a Wisconsin farmer, to purchase grain. The Wisconsin defendant met the Illinois plaintiff in Illinois and later entered into a series of grain purchase contracts with the plaintiff. *N. Grain Mktg.*, 743 F.3d at 489-90. The defendant knew that the plaintiff was located in Illinois, and the plaintiff paid the defendant with checks drawn on Illinois banks. *Id.* at 490. However, the defendant produced grain in Wisconsin and delivered

4

it to grain elevators located in that state. *Id.* Although the defendant knew he had contracted with an Illinois plaintiff, the Court found the defendant's contacts insufficient to support personal jurisdiction in Illinois. The negotiations that led to the formation of the parties' contractual relationship did not take place in Illinois, and the contract called on the defendant to perform in a state other than Illinois. *Id.* at 496. The court concluded that the defendant "did not purposefully avail himself of the privilege of conducting business in Illinois." *Id.*

The present case is similar. Dowe Gallagher knew it hired an Illinois resident, but the contacts that led to the parties' relationship took place remotely, while Mendicino was working in Greece. And although Mendicino emphasizes that he traveled to and from Illinois to conduct his work assignments for Dowe Gallagher, the company assigned him to the Seychelles to fly planes in that region. Mendicino performed his employment duties outside Illinois; his travels to and from Illinois were only incidental to performing those duties.

Dowe Gallagher may have reached into Illinois when it sent work assignments to Mendicino's e-mail address (though it's not clear these actually were contacts with Illinois if and when Mendicino was located elsewhere) and when it sent paychecks to his Illinois bank account. But Mendicino's Title VII claim does not arise out of these contacts. *See generally GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009) (declining to "simply aggregate all of a defendant's contacts with a state . . . as evidence of the constitutionally-required minimum contacts" (citation omitted)). Rather, the alleged discriminatory conduct occurred when Mendicino was in the Seychelles, not Illinois. And Mendicino does not contend that Dowe Gallagher had

any contact with Illinois in connection with its termination of his employment. *Cf. Krok v. Burns & Wilcox, Ltd.*, No. 98 C 5902, 1999 WL 262125, at *4 (N.D. Ill. Apr. 16, 1999) (finding specific jurisdiction over a non-resident employer where the employer's executives visited the plaintiff in Illinois to terminate his employment).

As the Seventh Circuit has stated, "contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum." *See Purdue Research Found.*, 338 F.3d at 781 (citing *Burger King*, 471 U.S. at 478). In this case, when one "take[s] into account prior negotiations, contemplated future consequences, the terms of the contract and the parties' course of actual dealing with each other," *id.*, it is apparent that the requisite minimum contacts between Dowe Gallagher and Illinois are lacking.

**Conclusion**

For the reasons stated above, the Court grants Dowe Gallagher's motion to dismiss [dkt. no. 8] and directs the Clerk to enter judgment dismissing plaintiff's complaint for lack of personal jurisdiction. The status hearing and ruling date of March 30, 2017 is vacated. Defense counsel's motion to appear at that hearing telephonically [dkt. no. 17] is terminated as moot.

Date: March 27, 2017

_____
MATTHEW F. KENNELLY
United States District Judge

6